# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39097**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Bryan U. TOLBERT**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 5 January 2018

———————————

*Military Judge*: Brendon K. Tukey.

*Approved sentence*: Bad-conduct discharge, confinement for 5 months, and reduction to E-2. Sentence adjudged 17 February 2016 by GCM convened at Davis-Monthan Air Force Base, Arizona.

*For Appellant*: Major Allen S. Abrams, USAF.

*For Appellee:* Lieutenant Colonel G. Matt Osborn, USAF; Major Mary Ellen Payne, USAF; Major Meredith L. Steer, USAF; Gerald R. Bruce, Esquire.

Before JOHNSON, MINK, and DENNIS, *Appellate Military Judges*.

Judge MINK delivered the opinion of the court, in which Senior Judge JOHNSON and Judge DENNIS joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

MINK, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and in accordance with a pretrial agreement (PTA), of abusive sexual contact in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920. The military judge sentenced Appellant to a bad-conduct discharge, five months of confinement, reduction to E-1, and forfeiture of all pay and allowances. The convening authority granted Appellant relief for a post-trial processing delay from the completion of the trial to action

by only approving the bad-conduct discharge, five months of confinement, and reduction to E-2.[1]

The sole issue asserted by Appellant on appeal is whether he is entitled to sentence appropriateness relief as the result of an 11-day violation of the 120-day post-trial processing standard for convening authority action after completion of the trial.[2] Finding no relief is warranted, we affirm the findings and sentence as approved by the convening authority.

## I. BACKGROUND

In March 2015, while deployed to Ali Al Salem Air Base, Kuwait, Appellant approached the bed where one of his roommates, Senior Airman (SrA) ND, was sleeping during the night and touched and stroked SrA ND's penis through his athletic shorts until SrA ND awoke and punched Appellant in the face. Appellant then fled the room.

Appellant was arraigned on 10 November 2015. His trial convened and was completed on 17 February 2016. The staff judge advocate's recommendation (SJAR) was completed and served on Appellant on 17 June 2016, 121 days after completion of Appellant's trial. On 22 June 2016, Appellant submitted clemency matters in which he requested sentence relief in light of the post-trial processing delay exceeding the 120-day standard from completion of the trial to convening authority action established in *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006). The addendum to the SJAR was signed on 24 June 2016 and the staff judge advocate (SJA) recommended the convening authority grant Appellant some relief as a result of the post-trial processing delay. The SJA advised the convening authority that the reason for the delay in processing Appellant's record of trial was the court reporter's workload as well as the fact that she had to attend Reserve duty and a training course. On 27 June 2016, 131 days after completion of Appellant's trial, the convening authority took action and, in accordance with the SJA's recommendation, approved only the bad-conduct discharge, five months confinement, and reduction to E-2.

## II. DISCUSSION

The 131 days that elapsed between the completion of Appellant's trial and the convening authority's action exceeded the *Moreno* standard by 11

---

[1] The PTA between Appellant and the convening authority provided the latter would approve no confinement in excess of 12 months, but included no other limitations on the sentence that could be approved. Accordingly, the PTA had no impact on the convening authority's ability to approve the adjudged sentence.

[2] This issue was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

days. *See Moreno*, 63 M.J. at 142. Nevertheless, we do not find that sentence relief is warranted.

"[C]onvicted servicemembers have a due process right to timely review and appeal of courts-martial convictions." *Id.* at 135. Accordingly, we review de novo whether Appellant has been denied his due process right to a speedy post-trial review and appeal. *Id.* In *Moreno*, the United States Court of Appeals for the Armed Forces established a presumption of unreasonable post-trial delay that requires a due process review when the convening authority does not take action within 120 days of trial. *Id.* at 142.

If there is a *Moreno*-based presumption of unreasonable delay or an otherwise facially-unreasonable delay, we examine the claim under the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135. *Moreno* identified three types of prejudice arising from post-trial processing delay: (1) oppressive incarceration; (2) anxiety and concern; and (3) impairment of ability to present a defense at a rehearing. *Id.* at 138–39.

"We analyze each factor and make a determination as to whether that factor favors the Government or [Appellant]." *Id.* at 136. Then, we balance our analysis of the factors to determine whether a due process violation occurred. *Id.*; *see also Barker*, 407 U.S. at 533 ("[C]ourts must still engage in a difficult and sensitive balancing process."). "No single factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding." *Id.* However, where an appellant has not shown prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

Under *Moreno*, the period of 131 days between sentence and action by the convening authority in this case is presumptively unreasonable, exceeding the standard by 11 days and triggering a full due process review. 63 M.J. at 142. This delay occurred due to the court reporter's workload and temporary duty schedule and despite Appellant's multiple requests for speedy post-trial processing. Appellant claims he suffered prejudice by the delay because he had completed his term of confinement by the time the convening authority took action and was deprived of the ability to request clemency in the form of a sentence of lesser confinement. Contrary to Appellant's assertion of prejudice, there is no evidence that Appellant suffered any of the three types of prejudice identified in *Moreno* and we find none. We are not persuaded that the 11-day delay and the reasons

therefor are sufficiently egregious to bring discredit upon the fairness or integrity of the military justice system. Accordingly, we find no due process violation.

Although we find no due process violation in Appellant's case, we nonetheless consider whether Article 66(c), UCMJ, 10 U.S.C. § 866(c), relief pursuant to *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002), is appropriate. We are guided by factors enumerated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), with no single factor being dispositive.[3] Having considered these factors and the particular circumstances of Appellant's case, including the sentence relief granted by the convening authority, we decline to exercise our Article 66(c) authority and grant Appellant even further relief from otherwise appropriate sentence.

### III. CONCLUSION

The findings of guilt and the sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KATHLEEN M. POTTER
Acting Clerk of the Court

---

[3] These factors include: (1) How long the delay exceeded the standards set forth in *Moreno*; (2) what reasons, if any, the Government set forth for the delay and whether there is any evidence of bad faith or gross indifference to the overall post-trial processing of this case; (3) whether there is nonetheless evidence of harm (either to the appellant or institutionally) caused by the delay; (4) whether the delay has lessened the disciplinary effect of any particular aspect of the sentence and whether relief is consistent with the dual goals of justice and good order and discipline; (5) whether there is any evidence of institutional neglect concerning timely post-trial processing, either across the service or at a particular installation; and (6) whether, given the passage of time, this court can provide meaningful relief in this particular situation. *Gay*, 74 M.J. at 744.